**United States District Court**
**Northern District of Indiana**
**Hammond Division**

| | | |
|---|---|---|
| PARAGON STEEL ENTERPRISES LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:11-CV-373 JVB |
| | ) | |
| INFODATA CORPORATION and | ) | |
| VERTICENT INC., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's motion for remand (DE 15). For the reasons stated below, the motion is GRANTED.

**A.	Background**

On September 26, 2011, Plaintiff Paragon Steel Enterprises LLC filed its complaint against Defendants InfoData Corporation and Verticent Inc. in DeKalb Superior Court. Although no proof of service appears on the docket, Plaintiff represents, and Defendants do not dispute, that Defendants InfoData and Verticent were served on October 2, 2011, and October 3, 2011, respectively. On October 26, 2011, InfoData alone filed a notice of removal. On November 1, 2011, the Court ordered InfoData to file an amended notice of removal by November 15, 2011, because it was not apparent from the original notice whether complete diversity exists between Plaintiff and Defendants, complete diversity being necessary to establish the Court's subject matter jurisdiction. On November 7, 2011, InfoData filed an amended notice

of removal in an attempt to cure the jurisdictional defect. On November 8, 2011, Plaintiff filed a motion to remand because, among other things, Defendant Verticent had not joined in the notice of removal. On November 11, 2011, Defendant Verticent filed a notice of its consent to the removal.

**B.     Discussion**

Under 28 U.S.C. § 1446, in order to remove a case from state to federal court, a defendant or defendants must file a notice of removal within thirty days after being served and receiving a copy of the initial pleading. While this time limitation is not jurisdictional, it is a strictly applied rule of procedure, and untimeliness is a ground for remand unless the untimeliness has been waived. *N. Illinois Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 273 (7th Cir. 1982). A notice of removal may be amended freely within the thirty-day period, but afterward only to correct defective allegations of jurisdiction. *Id.* A notice of removal is defective unless all defendants join it. *See Hanrick v. Hanrick*, 153 U.S. 192, 196 (1894). To join a notice of removal is to support it in writing. *See Roe v. O'Donohue*, 38 F.3d 298, 301 (7th Cir. 1994). Pursuant to 28 U.S.C. § 1447(c), a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within thirty days after the filing of the notice of removal.

Defendant Verticent did not join Defendant InfoData's initial notice of removal. It did ultimately support InfoData's notice of removal in writing, but not until more than thirty days after it had been served with the complaint, and only after Plaintiff filed a timely motion for remand. Because this non-jurisdictional defect was not cured within the statutory period,

InfoData's notice of removal was untimely. Plaintiff's timely motion to remand the case to state court preserved its right to a remand. Therefore, the Court must GRANT the motion (DE 15). Accordingly, the case is REMANDED to DeKalb Superior Court for all further proceedings.

SO ORDERED on January 6, 2012.

s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
